JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 9303 | DATE | 6/17/2004 |
| CASE TITLE | | Emery vs. Metra, et al. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Order. Plaintiff's motion for reconsideration [16-1] is denied. Defendants' motion to dismiss amended complaint [20-1] is granted. Case terminated.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 2 2 2004 date docketed | |
| X | Docketing to mail notices. | | 29 |
| X | Mail AO 450 form. | deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| RJ/TL | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Minute Order Form (06/97)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELLEN K. EMERY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 02 C 9303 |
| ) | |
| NORTHEAST ILLINOIS REGIONAL ) | |
| COMMUTER RAILROAD CORPORATION ) | Judge Joan B. Gottschall |
| d/b/a METRA/Metropolitan RAIL., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Ellen Emery has sued her former employer, defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a METRA/Metropolitan Rail ("Metra"), as well as several individual Metra officials based on her March 4, 2002 termination from her position as Metra's in-house counsel. While at Metra, Emery specialized in defending Metra from cases brought under the Federal Employer Liability Act ("FELA"), 45 U.S.C. § 51, *et seq*. Emery alleges that defendants (a) terminated her after she brought her own FELA claim against Metra arising out of an injury she suffered in the workplace, and (b) defamed her by publicly accusing her of breaching her ethical duties to Metra by providing counsel in her FELA case with confidential information regarding Metra's FELA defense strategies. Emery claims that defendants' stigmatizing comments prevented her from finding other employment opportunities in her field. Based on those allegations, Emery brought (1) federal claims against defendants for constitutional deprivation of liberty and property interests under 42 U.S.C. § 1983, conspiracy to violate her constitutional rights, retaliatory discharge under FELA and federal common law, violation of the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f), and (2) claims under Illinois law for retaliation, defamation, self-compelled defamation, tortious interference with contractual relations, tortious interference with prospective economic advantage, and civil conspiracy.



On September 19, 2003, the court dismissed several of Emery's claims, including her FELA and state law retaliation counts.[1] On the federal retaliation count, the court held that neither FELA nor any other federal statute creates a cause of action against an employer for retaliating against an employee for bringing a FELA claim. In dismissing the state retaliation claim, the court held that Illinois courts would not likely recognize a claim for FELA retaliation because Emery has an adequate alternative remedy under the Railway Labor Act ("RLA"), 45 U.S.C. § 151, *et seq.*

Emery has filed a motion requesting that the court reconsider its September 19, 2003 decision to dismiss her state and federal retaliation claims. Specifically, Emery argues that she should be allowed to bring a retaliation claim under state law and FELA because she has no recourse against defendants under the Railway Labor Act. Along with her motion to reconsider, Emery filed an amended complaint, attempting to address some of the other deficiencies identified in the court's September 19 opinion. Defendants have moved to dismiss that amended complaint, arguing that Emery's Section 1983 claim should be dismissed for failure to state a claim and, because Emery has no other viable federal causes of action, Emery's state claims should be dismissed for lack of jurisdiction. For the reasons stated below, Emery's motion for reconsideration of the court's September 19, 2003 order is denied and defendants' motion to dismiss Emery's amended complaint is granted.

## ANALYSIS

### I. *Emery's Motion To Reconsider The Dismissal Of Her FELA Retaliation Claim*

Emery has moved the court to reconsider its decision to dismiss her Section 1983 FELA retaliation claim. However, "neither [FELA] nor any other source of federal law creates a federal right against retaliatory discharge" for a plaintiff who is fired after filing a FELA claim. *Graf v. Elgin, Joliet & E. Ry.*, 790 F.2d 1341, 1344 (7th Cir. 1986); *Shrader v. CSX Transp., Inc.*, 70 F.3d

---

[1] In addition to dismissing Emery's Section 1983 and federal retaliation claims, the court also dismissed the only other federal claim in this action – Emery's claim under the OWBPA.

255, 258 (2d Cir. 1995); *Mayon v. S. Pac. Transp. Co.*, 805 F.2d 1250, 1252-53 (5th Cir. 1986) (only remedy available for employee terminated for filing FELA claim are the remedies under the Railway Labor Act, not FELA); *Landfried v. Terminal R.R. Assoc.*, 721 F.2d 254, 256 (8th Cir. 1983) ("Congress has not enacted a statute prohibiting an employer from discharging an employee in retaliation for filing a FELA action."); *see also Bielicke v. Terminal R.R. Assoc.*, 30 F.3d 877, 878 (7th Cir. 1994).

Nonetheless, Emery argues that, because she does not have a remedy under the RLA, the court should allow her to bring a FELA retaliation claim. While the lack of a remedy under the RLA could conceivably affect the availability of a retaliation claim under Illinois law, the court cannot find, and Emery does not cite, any authority for the proposition that the lack of an RLA remedy allows the court to create a retaliation cause of action under FELA. Emery's motion for reconsideration is denied.

## II. Defendants' Motion to Dismiss

On a Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir.2003). A complaint will not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief under the law. *Id.*

The only remaining federal claims in Emery's complaint are (a) her Section 1983 claim that defendants deprived Emery of her constitutionally protected liberty interest in her reputation and in pursuing the occupation of her choice and (2) her Section 1983 claim that defendants conspired to deprive her of those liberty interests. Defendants have moved to dismiss those claims, arguing that, because Emery has found comparable employment in her field, there is no set of facts by which Emery can prove that she was deprived of a constitutionally protected liberty interest. The court agrees with defendants' analysis.

Reputation itself is not a liberty interest protected under the Fourteenth Amendment. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Rather, to implicate a liberty interest, charges of defamation must be coupled with the alteration of a legal status, such as the loss of employment. Moreover, the constitutionally protected liberty interest in cases such as this is quite narrow. An employee's liberty interest is infringed only if "the circumstances of the discharge, at least if they were publicly stated, had the effect of blacklisting the employee from employment in comparable jobs." *Trejo v. Shoben*, 319 F.3d 878, 889 (7th Cir. 2003). "The employee's . . . reputation . . . must be called into question in a manner that makes it *virtually impossible* for the employee to find new employment in his chosen field." *Townsend v. Vallas*, 256 F.3d 661, 670 (7th Cir. 2001) (emphasis added).

Emery's Section 1983 claim fails because she has, in fact, found comparable employment in her chosen field. At defendants' request, the court takes judicial notice of the fact that Emery has worked as an attorney for the law firm of Ancel, Glink, Diamond, Bush, DiCiani & Rolek, P.C., specializing in local government law, since July of 2003. http://www.ancelglink.com/attorneys/ckc_bio.html.[2] Emery's job as an attorney at an established Chicago law firm precludes her from arguing that defendants' actions deprived her of a liberty interest in pursuing a career in the field of her choosing and rebuts her claim that it is "virtually impossible" for her to find employment in her field. *See, e.g., Trejo*, 319 F.3d at 889; *Townsend*, 256 F.3d at 670 (holding that plaintiff could not show that his firing as a lifeguard foreclosed prospective employment opportunities because he retained employment as a swim instructor with another employer).

---

[2] Pursuant to Fed. R. Evid. 201(b) and (d), the court, upon request by one of the parties, must take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" if the requesting party supplies the court with the necessary information. The court determines that it may take judicial notice of Emery's current employment with Ancel, Glink based on that firm's publicly available internet web site.

-4-

A liberty interest is not implicated where the change in employment merely results in reduced compensation or diminished prestige. *Munson v. Friske*, 754 F.2d 683, 693 (7th Cir. 1985). Moreover, mere proof that Emery was "somewhat less attractive to some other employers would not establish the requisite foreclosure of opportunities." *Id.* Rather, the constitution protects only Emery's ability to pursue her chosen profession. In light of Emery's current employment as an attorney within her field of expertise, there is simply no set of facts by which Emery can prove her Section 1983 claim. Defendants' termination of Emery may have stigmatized her and may be actionable as a state defamation claim. However, defendants' acts do not reach a constitutional dimension. Because Emery has not stated a claim for which relief can be granted, both her Section 1983 claim (Count V) and her Section 1983 Conspiracy claim (Count VI) are dismissed.

Since no viable federal claims remain, the court relinquishes jurisdiction over Emery's pendent state claims.[3] Emery's amended complaint is dismissed in its entirety. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("[T]he general rule is that once all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolve them on the merits"); *Solon v. Kaplan*, No. 00-C-2888, 2004 WL 725893, *6 (N.D. Ill. March 31, 2004).

---

[3] Because the court does not have jurisdiction over Emery's remaining state law claims, the court does not reach Emery's arguments for reconsideration of the court's decision to dismiss Emery's claim for retaliation under Illinois law.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss Emery's amended complaint is granted. Emery's motion for reconsideration of the court's September 19, 2003 order is denied.

ENTER:

/s/ Joan B. Gottschall

JOAN B. GOTTSCHALL
United States District Judge

DATED: June 17, 2004